In re MARRIAGE OF James Harold VALLEROY and Mary Anna Valleroy.

James Harold VALLEROY, Petitioner-Respondent,

v.

Mary Anna VALLEROY, Respondent-Appellant.

No. 37701.

Missouri Court of Appeals, St. Louis District, Division One.

March 15, 1977.

Joseph H. Langworthy, Jr., Pacific, for respondent-appellant.

Lawrence Willbrand, St. Louis, for petitioner-respondent.

DOWD, Judge.

A dissolution of marriage case. Appellant, Mary Valleroy, challenges the trial court's maintenance award, the trial court's ruling excluding evidence of James Valleroy's marital misconduct, and the trial court's order denying appellant's motion for leave to appeal as a poor person.

In her first point on appeal, appellant argues that the trial court erred in terminating maintenance after one year because the evidence did not support prospec-

tive termination of maintenance. We agree with appellant's contention. The trial court ordered respondent to pay appellant $20.00 per week for one year as spousal maintenance. The spousal maintenance order recognizes appellant's present inability to provide for her reasonable needs through property awarded her or through appropriate employment. § 452.335.1 RSMo Supp.1973. Appellant was awarded a 1957 Chevrolet as her share of the marital property and owned home furnishings worth $150.00. She owed $900 to her brother and sister. Appellant was 55 years of age at the time of hearing on the dissolution petition and was earning $30 to $40 per week babysitting and doing housework. She had worked in prior years at restaurants and at Dunkin Donuts, but had never earned more than $67.00 per week. In more recent years, appellant had been unable to gain employment at the dimestores and restaurants to which she applied. She estimated that her expenses were approximately $75.00 per week.

The award of $20.00 per week also takes into consideration the limited means of respondent to pay spousal maintenance. Respondent was awarded a 1969 Dodge van and $275.00 in bank accounts as his share of the marital property. He had no major debts. Respondent was 49 years old at the time of the hearing and earned a gross salary of $134.50 per week as a security guard at a hospital. His net salary was $110.00 per week.

■ The trial court did not abuse its discretion in awarding $20.00 per week as spousal maintenance for appellant. § 452.-335. 2 RSMo Supp.1973; *Murray v. Murray*, 538 S.W.2d 587, 588[5, 6] (Mo.App. 1976); *In re Heddy*, 535 S.W.2d 276, 279[7, 8] (Mo.App.1976). However, the transcript does not contain any evidence indicating that the financial circumstances of the parties will have changed after one year so as to support the trial court's termination of spousal maintenance at that time. Prospective termination of maintenance is an abuse of the trial court's discretion if no evidence was adduced showing that the circumstanc-

es of the parties are likely to change in the future. *In re Powers*, 527 S.W.2d 949, 955 (Mo.App.1975). Because termination of spousal maintenance after one year is not supported by substantial evidence, that aspect of the award is reversed. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

In her second point on appeal, appellant argues that the trial court erred in refusing to hear evidence of respondent's marital misconduct. Appellant rightfully contends that respondent's misconduct was relevant upon the question of the division of marital property under Section 452.330. 1 RSMo Supp.1973. However, we do not reach the merits of appellant's contention because appellant failed to preserve this point.

■ Appellant made no offer of proof at the hearing on dissolution regarding respondent's marital misconduct. An objection to the exclusion of testimony will not be considered on appeal in the absence of an offer of proof as to the nature and relevancy of the testimony except in instances in which the plain error rule is applicable. *Cobb v. R. W. Beasley Construction Co.*, 536 S.W.2d 535–37[1–3] (Mo.App.1976); *Suddarth v. Suddarth*, 515 S.W.2d 817, 818[1] (Mo.App.1974). We do not believe that the case at bar requires application of the plain error rule because no manifest injustice or miscarriage of justice resulted. *Cobb v. R. W. Beasley Construction Co.*, supra.

Appellant's third point on appeal is that the trial court violated her right to due process under the Fourteenth Amendment by denying her motion for leave to appeal as a poor person. We disagree.

■ Due process requires that, absent a state interest of overriding significance, persons forced to settle their claims through the judicial process must be given a meaningful opportunity to be heard. *Boddie v. Connecticut*, 401 U.S. 371, 91 S.Ct. 780, 28 L.Ed.2d 113 (1971). Indigents seeking dissolution of their marriages cannot be excluded from the trial court by an inability to pay court fees and costs because the courts are the exclusive mechanism by

which the fundamental human relationship can be dissolved. *Boddie v. Connecticut, supra; United States v. Kras,* 409 U.S. 434, 93 S.Ct. 631, 34 L.Ed.2d 626 (1973); *Ortwein v. Schwab,* 410 U.S. 656, 93 S.Ct. 1172, 35 L.Ed.2d 572 (1973). The holding in *Boddie v. Connecticut* is applicable only in those situations in which the dispute between the parties affects fundamental associational activities over which the courts have exclusive control. *United States v. Kras, supra,* 409 U.S. at 445–45, 93 S.Ct. 631[4].

 We do not believe that *Boddie v. Connecticut* is dispositive of the issue presented. Appellant has been granted a dissolution of her marriage by the trial court and appeals only from the property and maintenance awards. The due process requirement of a meaningful opportunity to be heard incident to dissolution of marriage has thus been satisfied. Due process does not further require the state to provide an appellate system or post-hearing review without payment of court fees and costs.[1] *Ortwein v. Schwab, supra,* 410 U.S. at 559–60, 93 S.Ct. 1172[3]; *Lindsey v. Normet,* 405 U.S. 56, 77, 92 S.Ct. 862, 31 L.Ed.2d 36[26] (1972).

The trial court's order is affirmed except insofar as the order terminated spousal maintenance after one year.

WEIER, P. J., and CLEMENS, J., concur.

---

1. Due process does not require the state to provide an appellate system; but if the state does afford an appellate system, the equal protection clause of the Fourteenth Amendment prohibits the state from granting appeal to some litigants while capriciously or arbitrarily denying appeal to others. *Lindsey v. Normet,* supra at 77, 92 S.Ct. 862[27]. Appellate filing fees do not contravene equal protection as long as such fees are no greater than necessary to offset the operational costs of the appellate system. *Ortwein v. Schwab, supra,* 410 U.S. at 660, 93 S.Ct. 1172[4, 5].