Arley Edward HULSEY, Appellant,

v.

Lois HULSEY, Respondent.

No. 37579.

Missouri Court of Appeals,
St. Louis District,
Division One.

April 26, 1977.

---

1. See *Hogshooter v. State,* 514 S.W.2d 109 (Mo. App.1974), for evolution of the *Smith* rule.

Shaw, Howlett & Schwartz, Joseph Howlett, Clayton, for appellant.

James F. Koester, Shifrin, Treiman, Bamburg & Dempsey, St. Louis, for respondent.

CLEMENS, Presiding Judge.

Dissolution of marriage.

The trial court decreed the parties' marriage dissolved and neither appeals from that portion of the decree. The trial court awarded the wife monthly maintenance, granted her a $500 attorney fee, and awarded her certain real estate. The husband has appealed from these allowances and the order respecting only *part* of the marital property.

■ The husband first challenges the court's granting the wife title to real estate. This property is what was left of ten acres acquired by the wife in 1964 before marriage by trading her inherited property. Under Section 452.330–2(2), RSMo.Supp. 1975, property acquired in exchange for property acquired prior to the marriage or in exchange for property acquired by bequest or devise is not marital property but separate property. *Cain v. Cain,* 536 S.W.2d 866[1–3] (Mo.App.1976). The trial court did not err in this ruling.

■ The husband also challenges the court's allowing the wife $150 monthly maintenance. The wife's income was $125 a week and her monthly expenses were $606 a month. Her physical condition made it impossible to get better paying employment and this evidence shows her need for maintenance. This court has held it is proper to consider the standard of living to which the spouse is accustomed and the probability of achieving the same through employment. *In re Marriage of Powers,* 527 S.W.2d 949[11] (Mo.App.1975). The husband's point is denied.

■ The dispositive issue on appeal is the husband's third Point Relied On: "The court erred in failing to distribute certain marital property and in failing to set aside to each party their personal property as required by statute." The wife counters by contending neither the husband's petition nor her crossbill sought a division of marital property. True, but Rule 55.33(b) declares: "When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings." At trial the parties testified in detail, without objection, to numerous items of property each had brought into the marriage and what each party wanted the court

to distribute. The court did award real estate to the wife but distributed no other property to either party.

 Following Rule 55.33(b) we consider the parties' pleading amended by consent, and rule that the issue of dividing all the parties' property was before the trial court and the issue of its failure to do so is now properly before us on the husband's appeal.

Section 452.330, VAMS, declares that in a dissolution of marriage: " . . . the court shall set apart to each spouse his property and shall divide the marital property in such proportions as the court deems just after considering all relevant factors . . . ." We hold the trial court erred by not so dividing all the parties' property.

We affirm the trial court's judgment on all issues therein ruled, but remand the cause to the trial court for an entry of a supplemental judgment dividing the parties' property not divided by the original judgment.

DOWD and WEIER, JJ., concur.