**Valeria RUTH, Appellant,**

v.

**James H. RUTH, Respondent.**

**No. 38447.**

Missouri Court of Appeals,
St. Louis District,
Division 1.

Jan. 10, 1978.

Pannell, Dodson & Robinson, William H. Pannell, Festus, for appellant.

Albert H. Feldt, Clayton, Clinton Almond, Joseph E. Furtaw, Hillsboro, for respondent.

CLEMENS, Presiding Judge.

The only issue in this case is whether there was evidence to support that part of the court's decree of dissolution which terminated plaintiff-wife's $40-a-week maintenance allowance 14 months after the decree. The parties were married in 1958, separated in 1974, and their marriage was dissolved June 9, 1976.

The decree gave plaintiff custody of the children and ordered defendant to make support payments of $40 a week for each child and $40 weekly maintenance payments until September 23, 1977.

The record shows plaintiff is employed as a school bus driver at a net salary of $258 per month; she has no other special skills or occupational training. She requested a support and maintenance award of $700 a month. Defendant earns about $22,000 a year as a plant foreman and his monthly living expenses total $995. No anticipated change in the parties' circumstances appears in the record. There is no evidence either party's needs, occupation or income will change.

The standard of our review is prescribed by *Murphy v. Carron*, 536 S.W.2d 30[1–3] (Mo.1976): "The decree or judgment of the trial court will be sustained by the appellate court unless there is no substantial evidence to support it."

Two recent cases are in point. In *In re Marriage of Powers*, 527 S.W.2d 949[11] (Mo.App.1975), we reviewed the decree provisions awarding plaintiff-wife $300 a month maintenance with payments to be terminated in seven years. We reversed, holding the trial court erred in ordering the termination where there was no evidence the parties' circumstances would be different in seven years. We held: "Awards of limited duration are entirely proper where the trial court has before it evidence of some impending change in the financial conditions of the parties or at least some reasonable expectation that such a change will occur."

Similarly, in *LoPiccolo v. LoPiccolo*, 547 S.W.2d 501[3–5] (Mo.App.1977), we reversed the provision terminating maintenance where that part of the decree was unsupported by substantial evidence, saying: "Maintenance should not be prospectively decreased or terminated if there is no evidence or reasonable expectation that the circumstances of the parties will be markedly different in the future."

So it is here. Termination of the maintenance allowance was made without any showing of a prospective change in circumstances. To that extent the decree was not supported by evidence. We reverse and remand with directions to the trial court to modify its decree as of the date of entry, by

deleting the words "until September 23, 1977."

SMITH and McMILLIAN, JJ., concur.