**Barbara J. DELAY, Respondent,**

v.

**James J. DELAY, Appellant.**

**No. 42219.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Jan. 20, 1981.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 13, 1981.

Application to Transfer Denied
April 6, 1981.

Joseph Howlett, Shaw, Howlett & Schwartz, Clayton, for appellant.

Gail Gaus, Clayton, for respondent.

REINHARD, Judge.

Husband appeals from portions of a dissolution decree entered on July 31, 1979.

He claims the court abused its discretion in awarding the wife child support in the amount of $22.50 per week per child for four unemancipated children. Further, husband complains that the court erred in making the visitation award. We have reviewed the evidence on these matters and have determined that the orders are supported by the evidence and the law.

Husband's other point requires further discussion. He contends that the trial court erred in determining that his retirement plan was marital property and awarding one-half of it to his wife.

In the dissolution decree, the court found the retirement plan of the husband with the City of St. Louis to be marital property. It awarded one-half of the amount of the retirement plan to the wife.

Where a spouse has contributed to a retirement plan during the marriage and the interest of the spouse is either contingent or subject to divestment, the plan is not marital property. *In re Marriage of*

*Faulkner*, 582 S.W.2d 292, 296 (Mo.App. 1979).[1] Likewise, retirement benefits that become vested only upon retirement have been held too "speculative" to be marital property. *Id.*

Here, the only evidence as to the retirement plan came from the testimony of the husband on cross-examination. The husband's testimony was very sketchy and uncertain. We find insufficient evidence in the record to support a finding that the plan is marital property and therefore reverse and remand that portion of the decree which relates to the retirement plan.

On remand, the parties should be given an opportunity to produce more evidence concerning the nature of the retirement plan and the husband's rights thereunder. The court can then, based upon that evidence, make a new determination as to whether it is a marital asset and order such relief as the evidence and law requires. Since all the property was divided basically one-half each, the distribution of the rest of the marital property should not be affected by a subsequent determination as to the retirement plan and we therefore affirm all other aspects of the decree.

Affirmed in all aspects except as to the finding regarding the retirement plan. Reversed and remanded for further evidence as to the retirement plan only.

CRIST, P. J., and SNYDER, J., concur.

---

1. We note that the wife claims *Faulkner* is to be applied prospectively only. We disagree.