Melba WISDOM, Appellant-Respondent,

v.

Herman WISDOM, Respondent-Appellant.

Nos. 11624, 11654.

Missouri Court of Appeals,
Southern District,
Division Three.

Feb. 20, 1981.

Motion for Rehearing and Transfer
Denied March 12, 1981.

David G. Neal, Eminence, for appellant-respondent.

Curtis W. Carle, Salem, for respondent-appellant.

BILLINGS, Presiding Judge.

Cross-appeals arising from a dissolution of marriage proceeding. The wife's appeal is directed to the amount and duration of her maintenance award and the disposition of the marital real estate. The husband's appeal seeks additional visitation privileges with the minor children. As hereinafter modified, the decree of the trial court is affirmed.

The decree ordered that the marital real estate, a 49-acre tract upon which the family home was located, and valued at approximately $40,000, be sold and the net proceeds divided fifty-five percent to the wife and forty-five percent to the husband. With minor exceptions, the household furniture and appliances were awarded to the wife. The husband was awarded a pickup truck, tools and other items of personalty. The husband was ordered to pay notes of the parties approximating $3,600; pay the wife's attorney fees of $1,200; pay $75 monthly, per child, for the support of the three minor children; and pay maintenance to the wife of $85 monthly, beginning December 1, 1979, and ending November 30, 1981. Custody of three boys, ages 19, 14 and 8, was vested in the wife with the husband being granted visitation privileges each Saturday.

Husband, 48 years old, was regularly employed and earned about $15,000 annually. He said he had health problems consisting of "hemorrhoids, a nervous condition, arthritis and a nervous heart." He attributed a breakdown of the marriage to verbal abuse by the wife and her encouraging their children to verbally abuse him and treat him with utter disrespect. She claimed the marriage of 24 years duration had disintegrated by reason of the husband's drinking problem. The trial court found that both husband and wife had contributed to the breakdown of the marriage.

Wife, age 41, was making about $85 weekly at the time of trial as a cook-waitress at a cafe. Except for two or three short periods working out of the home in earlier years, she had devoted her time to being a housewife and mother of their four boys. Since the separation she had also been employed at $30 monthly as janitor for a church. The oldest son, 23, continues to live at home and gives her $20 weekly for his room and board. Since 1974 she has had two hernia operations and a hysterectomy and been told not to lift things.

Our appellate review of the issues presented by the parties is governed by *Murphy v. Carron*, 536 S.W.2d 30 (Mo.banc 1976); the lower court's decree is to be sustained unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law. The trial court is, of necessity, vested with broad discretion in the resolution of matters such as the division of marital property, maintenance, support, and custody. We should not interfere unless there is a showing of an abuse of discretion. *In re Marriage of Brewer*, 592 S.W.2d 529 (Mo.App.1979).

The credibility of the witnesses was for the trial court and we defer to his finding as to the conduct of the parties. *In re Marriage of Jackson*, 592 S.W.2d 875 (Mo.App.1980). The order terminating the award of maintenance to the wife was made without any showing of a prospective change in circumstances and to that extent the decree is not supported by substantial evidence. *Ruth v. Ruth*, 560 S.W.2d 897 (Mo.App.1978). We find no abuse of discretion by the trial court in the amount of the maintenance award to the wife or the ordered disposition of the marital real estate and the division of the proceeds. *In re*

*Marriage of Lindenfelser*, 596 S.W.2d 71 (Mo.App.1980). There also has been no showing that the determination of visitation rights was not in the best interests of the children. *L.L.T. v. P.A.T.*, 585 S.W.2d 157 (Mo.App.1979).

The words "for a period of time ending November 30, 1981" are ordered deleted from the decree and, as so modified, is affirmed.

All concur.