**Judith Alice MURPHY,
Petitioner-Appellant,**

v.

**Russell William MURPHY,
Respondent-Respondent.**

**Nos. 41552, 41634.**

Missouri Court of Appeals,
Eastern District,
Division Two.

Feb. 24, 1981.

Theodore S. Schecter, Clayton, for petitioner-appellant.

Armstrong, Teasdale, Kramer & Vaughan, Walter M. Clark, Richard B. Scherrer, St. Louis, for respondent-respondent.

GUNN, Judge.

On appeal from a dissolution case, the appellant wife raises six points of alleged trial court error: (1) in limiting the award of maintenance to her for a period of five years; (2) in awarding maintenance and child support payments that were inadequate in light of the factors enumerated in

§ 452.335.2 and § 452.340.3; (3) in equally dividing an income tax savings escrow account of $4223, rather than awarding it in whole to the wife; (4) in finding that the family residence was separate, non-marital property belonging to the husband; (5) in failing to award the wife sufficient maintenance in gross to permit her to purchase a home for her and her children and allow them to maintain their standard of living; (6) in failing to make a determination and award regarding the husband's retirement plan. We affirm as to all issues except the five-year maintenance limitation, and we modify the judgment to that extent.

The husband and wife were married in 1971. At the time of the proceedings in 1979, their two children were five and six years of age. The husband was senior vice president of a St. Louis bank with an annual gross salary of $45,000. He also possessed non-marital stocks having a value of $124,825, having inherited most of them before the marriage. Prior to the marriage the husband had purchased a house in St. Louis County valued by the court at $100,-000 and an unimproved eleven acre lot valued at $10,000.

The husband testified that the house was not purchased in contemplation of the marriage; the wife said it was. He testified that additions to the house were done at his own expense using non-marital funds. The wife testified that while not participating financially, she had contributed her time and talents to the additions. The husband said, not so. The husband offered that the wife had a penchant for wanton profligacy, that she had telephoned his superiors at the bank to complain of his alleged parsimony, and that her spending exceeded his monthly earnings from his work, necessitating his dipping into financial reserves and borrowing to meet expenses. He also testified as reason for not placing assets in her name that within a month of the marriage the wife had suggested breaking the matrimonial ligatures. The wife admitted the telephone calls to her husband's superiors, her suggestion of divorce shortly after the marriage and the expenses exceeding earnings from his employment. The wife urged the latter as evidence of the standard of living to which the family had become accustomed.

At the time of the dissolution proceedings, the husband was forty years of age. The evidence was that if his association with his bank terminated at age forty his pension fund would pay him $90.75 per month at the age of sixty-five.

The wife, who was given custody of the two children, possessed a B.S. degree in education and had been qualified to teach elementary school in New York prior to the marriage. She was not, however, qualified to teach in Missouri.

The trial court found that the house was non-marital property, having been purchased before the marriage, and it was awarded to the husband. The wife was awarded maintenance of $350 per month for five years and the husband ordered to pay the sum of $240 per month for each of the two children. An escrow account of $4223, which was the result of tax savings from a joint income tax return, was divided equally. The husband was ordered to pay certain outstanding bills and the wife's attorney's fees of $7500. In addition to the house in St. Louis County, the trial court found the stocks, the eleven-acre lot and certain personalty to be the separate property of the husband. Household furnishings and a 1970 Volvo were awarded to the wife, and the husband was awarded a 1970 Volkswagen and a $600 interest in an investment club.

We first address the wife's complaints concerning the sufficiency of the amounts of the award of maintenance and child support. We are not disposed to slip into the miry bog of judicial second guessing of the trial court, supplanting our determination of what amounts should be awarded in place of the trial court's judgment. There has been a fulsome volley of judicial rubric holding that the trial court is vested with substantial discretion in this regard, e. g., *McKenna v. McKenna*, 607 S.W.2d 464 (Mo.App.1980); *White v. White*, 601 S.W.2d 464 (Mo.App.1980). The judgment of the

trial court regarding awards of maintenance and child support is to be affirmed if it is supported by substantial evidence, is not against the weight of the evidence and no error or misapplication of the law appears. *Dempsey v. Dempsey*, 605 S.W.2d 513 (Mo.App.1980); *Coughlin v. Coughlin*, 613 S.W.2d 143 (Mo.App.1980). Our review of the record discloses no basis for overruling the trial court with regard to the amounts awarded or division of the assets, including the escrow account. In so doing we have given consideration to the couple's standard of living and the statutory factors.

■ The evidence also supports the trial court's declaration that the house was non-marital property, belonging to the husband, and there was no error in so finding. *McKenna v. McKenna*, 607 S.W.2d at 466, 467.

■ The trial court did not err in making no disposition of the husband's pension plan. At the time of the proceedings the husband was 40 years old. Under the provisions of the pension plan, if he left his employment he would receive nothing until he reached 65 years, and his monthly benefit would then be 25% of $363, or $90.75 per month. Inasmuch as the pension would not come into being for 25 years and then only for $90.75 a month, it is de minimis and too speculative to be considered as marital property requiring disposition. *In re Marriage of Faulkner*, 582 S.W.2d 292 (Mo.App. 1979). *See Delay v. Delay*, 612 S.W.2d 391 (Mo.App.E.D. 1981).

■ The five year limitation placed by the trial court on the maintenance for the wife is another matter. The record is extremely sketchy as to why such a stricture should be imposed. While apparently physically in good health, the wife was under psychiatric care. Although she taught elementary school in New York state in 1970, she was not qualified to teach in Missouri. The only other employment she had prior to marriage was as a service representative for a telephone company. She had not worked during the eight years of marriage, and she bears the responsibility of raising two small children—not a particularly propitious circumstance in which to commence seeking meaningful work. The record in this case does not appear to support the imposition of the five year maintenance restriction. There was no circumstantial evidence of the wife's future abilities to provide for her reasonable needs nor is there evidence of or reasonable expectation that her circumstances will be different in the future. *See In re Marriage of Wofford*, 589 S.W.2d 323 (Mo.App.1979); *Poague v. Poague*, 579 S.W.2d 822 (Mo.App.1979); *C. B. H. v. R. N. H.*, 571 S.W.2d 449 (Mo.App. 1978); *In re Marriage of Valleroy*, 548 S.W.2d 857 (Mo.App.1977). The five year restriction on the maintenance must therefore be lifted, and the judgment is thereby modified to that extent. *Ruth v. Ruth*, 560 S.W.2d 897 (Mo.App.1978); *In re Marriage of Cornell*, 550 S.W.2d 823 (Mo.App.1977); *LoPiccolo v. LoPiccolo*, 547 S.W.2d 501 (Mo. App.1977); *In re Marriage of Powers*, 527 S.W.2d 949 (Mo.App.1975). *Cf. Pederson v. Pederson*, 599 S.W.2d 51 (Mo.App.1980) (record supported rehabilitative maintenance, as wife was acquiring special educational training for employment); *Hebron v. Hebron*, 566 S.W.2d 829 (Mo.App.1978) (maintenance to cease on emancipation of youngest child; full time employment of wife possible as she possessed realtor's license).

Judgment affirmed as modified.

PUDLOWSKI, P. J., and WEIER, J., concur.