**William M. KOMANETSKY, Appellant,**

**v.**

**Mildred M. KOMANETSKY, Respondent.**

**No. 43116.**

Missouri Court of Appeals,
Eastern District.
Division Three.

March 30, 1982.

Raymond A. Bruntrager, Bruntrager & Bruntrager, St. Louis, for appellant.

Gregg W. Keegan, St. Louis, for respondent.

SNYDER, Judge.

This is a dissolution action in which the Circuit Court of the City of St. Louis dissolved the marriage, divided the marital property and granted maintenance, child support and attorney fees to the wife-respondent.

The husband, in his appeal, claims the trial court erred in the award of, and the amount of, maintenance and attorney fees. He also claims the court erred in failing to include the value of some United States savings bonds in the division of marital property. The judgment is affirmed.

■ Awards of maintenance and attorney fees are within the discretion of the trial court. But any award made must be within the reasonable tolerance of proof. *Horridge v. Horridge*, 618 S.W.2d 202, 205 (Mo.App.1981).

■ The appellate court must defer to the trial court's superior opportunity to judge the credibility of witnesses, and must affirm the trial court's judgment unless there is no substantial evidence to support the judgment or the judgment is against the weight of the evidence. *Murphy v. Carron*, 536 S.W.2d 30, 32[1–3] (Mo. banc 1976). The power to set aside a decree because it is against the weight of the evidence should be exercised with caution and only with the firm belief that the decree or judgment is wrong. *Murphy v. Carron, supra.*

Appellant's points and arguments in essence constitute a claim that the judgment was against the weight of the evidence.

■ The transcript and the briefs of the parties have been studied carefully. The trial court's award of maintenance and attorney fees is supported by substantial evidence and is not against the weight of the evidence. There is no error of law. There is no firm belief that the judgment is wrong.

■ This court also finds the division of marital property to be supported by the

evidence. Appellant asserts there were United States savings bonds which should have been included as marital property. The bonds had been purchased for the benefit of the parties' children and there was evidence that most of the proceeds of the sale of the bonds had been used by the children.

The record shows that the trial court was aware of the existence of the United States savings bonds and the deposit of the proceeds into savings accounts for the children. Further, the appellant, in his testimony before the trial court, did not claim the bond proceeds as marital property.

Therefore, it can be concluded that the trial court determined that any unspent funds were the property of the children and intentionally omitted the bond proceeds from the listing of marital property. That judgment was supported by substantial evidence, was not against the weight of the evidence and contained no error of law. *Murphy v. Carron, supra.*

An extended opinion would have no precedential value. The judgment is affirmed in compliance with Rule 84.16(b).

REINHARD, P. J., and CRIST, J., concur.