**Doris L. TURNER, Appellant,**

v.

**Robert L. TURNER, Respondent.**

No. 45311.

Missouri Court of Appeals,
Eastern District,
Division Three.

March 1, 1983.

Motion for Rehearing/Transfer to
Supreme Court Denied
April 15, 1983.

James D. Edgar, St. Louis, for appellant.

Robert O. Appleton, Jr., Clayton, for respondent.

KAROHL, Judge.

Appellant wife was granted a decree of legal separation in August, 1981. The parties were married in 1945 and raised four children. Both appellant and respondent were fifty-four years of age when appellant filed her petition.

Appellant alleges error as to these portions of the decree: (1) the award of $700 per month rehabilitative maintenance for two years only; (2) the order to sell the family home after two years, during which time appellant was permitted to occupy the home; and (3) the award to respondent husband of a certificate of deposit as nonmarital property.

Our review must be within the guidelines of *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976), with appropriate deference to the trial court, *Komanetsky v. Komanetsky*, 632 S.W.2d 71, 72 (Mo.App.1982), providing there is evidence to support the judgment. *Prudential Property and Casualty Ins. Co. v. Cole*, 586 S.W.2d 433, 434 (Mo.App.1979).

In awarding some maintenance, the trial court necessarily found that appellant lacked sufficient property to provide for her reasonable needs, and at the time of the hearing, she was unable to support herself. § 452.335.1(1) and (2) RSMo 1978; *Hull v. Hull,* 591 S.W.2d 376, 382 (Mo.App.1979); *In re Marriage of Valleroy,* 548 S.W.2d 857, 859 (Mo.App.1977). In determining the amount and duration of maintenance, the statute, § 452.335.2, instructs the court to consider "relevant factors," including the parties' financial resources, the time necessary for the spouse seeking maintenance to acquire sufficient education or training to find appropriate employment, the standard of living established during the marriage, the duration of the marriage, the age and physical and emotional condition of the spouse seeking maintenance, and the ability of the supporting spouse to meet his needs while maintaining the spouse seeking maintenance.

The evidence as to these relevant factors was largely undisputed. The financial resources of the parties were such that the need for earned wages was apparent. The parties had lived moderately during their thirty-five year marriage. Both were in their mid-fifties and had health problems. At the time of the hearing, respondent was working as a salesman, making about $24,-000 per year. He had a cancer operation in 1975 and had heart trouble. Appellant never graduated from high school, and had not worked for wages during the marriage but had assisted her husband in family businesses. After the separation, she had been examined for a G.E.D. certificate (the results were pending) and was pursuing bookkeeping and typing courses. Although she planned to seek part-time employment while completing her schooling, she did not know when she would finish. Due to arthritis, appellant had only limited typing skills and could not maintain a job that would require her to be on her feet. Marital misconduct and credibility of the parties was not an issue.

The decree provided that appellant could live in the family home for two years, while making the house payments and paying upkeep expenses. Appellant testified that her monthly expenses were around $700. When the house was sold, appellant and respondent were to divide the equity equally. We find no abuse of discretion in the amount of the maintenance award. The provision terminating maintenance after two years was not supported by substantial evidence, however. *Wisdom v. Wisdom,* 613 S.W.2d 693, 694 (Mo.App.1981); *In re Marriage of Cornell,* 550 S.W.2d 823, 828–29 (Mo.App.1977); *In re Marriage of Valleroy,* 548 S.W.2d 857, 859 (Mo.App.1977).

Where there is a limit on maintenance based upon the wife's ability to support herself the evidence must justify the inference that the spouse will realize expectations of future prospects. *Tygett v. Tygett,* 639 S.W.2d 282, 285 (Mo.App.1982). Here there was no evidence to justify the

court's implicit finding that appellant would become self-supporting two years from the date of the decree. Although she was motivated, there was no indication as to when she would complete her education, or further, due to her arthritis, that she would be able to support herself upon completion. Moreover, despite respondent's health problems, there was nothing in the evidence before the trial court to find that respondent would not be able to meet his maintenance responsibilities.

■ Awards of limited duration should not be based on speculation as to future conditions of the parties. *See LoPiccolo v. LoPiccolo,* 547 S.W.2d 501, 505–06 (Mo.App. 1977). Such awards are proper only where the trial court has before it evidence of some impending change in the financial conditions of the parties or at least some reasonable expectations that such a change will occur. *In re Marriage of Powers,* 527 S.W.2d 949, 956 (Mo.App.1975). For cases upholding awards of limited maintenance, *see Sansone v. Sansone,* 615 S.W.2d 670, 671 (Mo.App.1981) (wife was thirty-five years old, had real estate appraisal license, and court heard evidence of her job prospects and salary projections); and *Pederson v. Pederson,* 599 S.W.2d 51 (Mo.App.1980) (wife twenty-eight years old, in good health, and award limited to time she was attending nursing school).

■ The two year limit on maintenance was based entirely on speculation and conjecture. *In re Marriage of Cornell,* 550 S.W.2d 823, 829 (Mo.App.1977). The order of the trial court respecting maintenance is affirmed except insofar as it terminates maintenance after two years. *Vogt v. Ketzner,* 634 S.W.2d 583, 584 (Mo.App. 1982); *Wisdom v. Wisdom,* 613 S.W.2d 693, 695 (Mo.App.1981); *Ruth v. Ruth,* 560 S.W.2d 897, 898 (Mo.App.1978).

■ We hold that the disposition of the family home, when considered together with the division of other marital property which included cash, an I.R.A. account, furniture, vehicles, interest in other real estate, insurance and corporate bonds, was within the discretion of the trial court. § 452.330.

■ Appellant's final argument concerns disposition of a certificate of deposit. Respondent inherited the money that he eventually used for the certificate and subsequently placed it in an account in joint names with appellant. The trial court awarded the certificate to respondent as "Inherited property and not [as] marital property." By putting the money in joint names, however, it became marital property. *Boone v. Boone,* 637 S.W.2d 249, 250 (Mo.App.1982).

Nevertheless, in awarding the certificate of deposit to respondent, the trial court was following appellant's request. On direct examination, appellant agreed to let respondent retain the certificate. The error, then goes only to designation of the asset as non-marital property, and not to its proper disposition, which was made in response to appellant's own testimony. Hence, appellant cannot now complain of the award.

We affirm the trial court's decree except insofar as it limits maintenance to two years and remand to conform the decree with this opinion.

CRANDALL, P.J., and CRIST, J., concur.

REINHARD, J., concurs in a separate opinion.

REINHARD, Judge, concurring.

I concur in the majority opinion. I stated my views on the issue of the limitation of maintenance in my concurring opinion in *Vogt v. Ketzner,* 634 S.W.2d 583, 584 (Mo. App.1982), "If any reasonable rationale can be inferred from the record for a limitation, we should affirm the trial court's order." In the circumstances of this case, I concur in the majority's determination, but hope this case will not be misinterpreted and deter trial courts from limiting maintenance in proper cases.