**Lenora M. MARTIN, Appellant,**

v.

**Donald Keith MARTIN, Respondent.**

**No. WD 34568.**

Missouri Court of Appeals, Western District.

Sept. 27, 1983.

Motion for Rehearing and/or Transfer to Supreme Court Overruled and Denied Nov. 29, 1983.

John W. Inglish, Inglish & Riner, Jefferson City, for appellant.

H. Ralph Gaw, Crews, Gaw & Pyle, Tipton, for respondent.

Before SOMERVILLE, P.J., and SHANGLER and MANFORD, JJ.

SHANGLER, Judge.

The parties were divorced in year 1973 prior to the effective date of the Dissolution of Marriage Act. The wife was awarded $160 per month as alimony. The husband paid to the wife $40,000 as a property settlement. In year 1975, on the petition of the husband, the alimony was reduced to $130 per month. In year 1976, the court sustained the stipulation of the parties that the alimony be reduced to $75 per month, to commence January of 1975. This order continued in effect until January of 1983 when the court entered the judgment on appeal.

That order was motivated by a motion by the wife to increase alimony and a counterclaim by the husband to decrease the allowance further. The court sustained the petition of the husband, ordered that the alimony reduce to $50 per month and that the payment terminate altogether when the wife reached her sixty-second birthday in year 1985. The order denied award of attorney fee to either party.

The wife appeals. She contends the order was an abuse of discretion for a spate of reasons.

It is well to say before we confront these contentions, that the argument of the evidence by the wife is tendentious and does not accord it the favorable effect the judgment requires. For instance, the contention that the reduction in alimony was an abuse of discretion because her income decreased from $5924 in year 1976 [when the last modification order was entered] to the present $4680 [although she does not mention she earned $7161 in year 1978 and $6700 in 1979] and her expenses amounted to $7800 annually, does not take into account the evidence that from year 1976 through 1982 the husband suffered a net loss of $86,244 from the farm operation and that the expectation for year 1982 was only marginal. Thus the evidence allowed the inference—which the court obviously adopted to come to judgment on that issue—that the financial condition of the husband deteriorated even more drastically than that of the wife since the last modification. So, also, the contention that the reduction in the allowance to the wife was an abuse of discretion because her physical condition has steadily worsened and she was certified as totally disabled for social security benefits. This argument simply ignores medical evidence—the court was entitled to believe—that actually her physical condition had improved and now fit her for some gainful work. So, also, the contention that the court miscalculated the respective financial conditions of the litigants adopts arguments which ignore evidence to the contrary.

■ The original order of support for the wife was under the pre-Dissolution of Marriage Act practice, thus there was no division of marital property as such as an incident of that divorce adjudicated in year 1973. The parties by private accord after the severance of the marriage concluded a property settlement between them by the payment to the wife of $40,000 and the assumption by the husband of the debts of the marriage. In the rendition of judgment on the modification motions the court commented that the post-decree transfer of the $40,000 and the modification of year 1976 [whereby the maintenance to the wife was further reduced to $75 per month on the stipulation of the parties] "were further attempts to finally adjudicate and divide and resolve the marital property problem ... at which time the Defendant [husband] borrowed and paid to the Movant [wife] forty thousand dollars for her equity in the marital property ...." The wife contends that this surmise by the court that the payment of $40,000 was an incident of the adjustment of the maintenance was erroneous and without support in the evidence. We may agree that the comment bears that insinuation and that the evidence shows, quite to the contrary, that the wife was content with the $40,000—although it constituted less than one-half of the marital property on the expectation that maintenance [then, alimony] supplement that amount. Whatever misconception the judicial comment may import, however, the reduction of maintenance stands validly on the evidence and will be sustained. The evidence of the $40,000 settlement upon the wife was merely an incident of the respective financial conditions of the parties. The wife testified that she used that sum to invest in residences which she then sold, reinvested, resold, etc.—each time at a profit. These enterprises gained over $25,000. The only explanation made by the wife was that she spent the money on medical bills. The court was entitled to believe from this evidence that the financial resources of the wife were more abundant than those available to the husband, and so support the judgment entered.

■ The wife contends next that the order to terminate maintenance altogether on

October 3, 1985, was an abuse of discretion because there was no evidence of a future change of circumstances. There was some evidence by Dr. Scherr, orthopedist, that the degenerative arthritis of the left hip had improved from the conditions noted in 1980: the muscle weakness was gone and the range of motion restored to normal. Her condition was such, according to Dr. Scherr, that she could manage an office job provided she was not required to stand or sit too long. This respite, however, was temporary: "The overall long term course is one of worsening; that is, of more pain, more severe pain and usually ultimately loss of some of the range of motion. From day to day, week to week, month to month, the amount of pain can change both increasing—either increasing or decreasing." It remained a "strong likelihood" that ultimately she would require a total hip arthroplasty [restoration]. The testimony of Dr. Leech held out no more promise of an imminent recovery. He gave opinion that the wife was unable to perform any "substantial gainful work due to her medical condition" since 1980 and that the impairment would continue indefinitely, "but at least for the next twelve months."

The trial court found it "unconscionable to require Defendant [husband] to continue to pay alimony indefinitely" and ordered, not only to reduce the monthly support to $50 per month, but to terminate that payment altogether on October 3, 1985, when the wife attained her 62nd birthday.

While, as we note, the evidence may allow a trier of fact to conclude—despite cogent contradiction—that the physical symptoms of the malady subsided for the time so that the wife was neither in need of the usual medical treatment and was also able to do some gainful work—and so justify the reduction of the monthly support from $75 to $50 per month, that evidence does not support the order to terminate the obligation in year 1985. There was no substantial evidence of a *prospective* change in circumstances, but only of a temporary respite from the usual needs of support. In the absence of such proof, the decree to terminate alimony on October 3, 1985, may not stand. *Wisdom v. Wisdom,* 613 S.W.2d

693, 694[1–3] (Mo.App.1981); *Murphy v. Murphy,* 613 S.W.2d 450, 452[6] (Mo.App. 1981). It remains open to the court on the motion of a party, of course, to reassess any change of circumstance of need and the comparative ability of the husband to provide it.

The wife complains also that the court was not impartial between the parties. She rests that contention on a fragment of the oral comment delivered by the court to the parties as preface to judgment. It is enough to say that the narrative delivered by the court was merely an assessment of the evidence and the justification for the formal judgment to come. Neither the phrases cited by the wife nor the context of comment allows any reasonable basis for complaint. The contention is denied.

Finally, the wife contends the failure to award an attorney fee was an abuse of discretion. The evidence sustains the order.

The orders to reduce the monthly maintenance from $75 to $50 and to deny the attorney fee are affirmed. The order to terminate support on October 3, 1985, is reversed. The costs of the action are taxed equally against the parties.

All concur.