**STATE FARM MUT. AUTO. INS. CO.**

v.

**HOBBS.**

Court of Appeals of Kentucky.

May 14, 1954.

Stoll, Keenon & Park, Lexington, for appellant.

Strange & Pendleton, Stanton, for appellee.

DUNCAN, Justice.

This appeal involves the construction of an agency agreement between the parties insofar as it fixed the service fee compensation payable to appellee as special agent for appellant in certain counties in Eastern Kentucky. The lower court adopted appellee's construction and rendered judgment in his favor for $783.45.

On June 15, 1942, the parties entered into a contract under the terms of which appellee was appointed special agent for the appellant company in certain counties. On March 15, 1946, the parties entered into a supplemental agreement providing additional remuneration to appellee, designated as service fee compensation. The supplemental agreement, so far as pertinent to the controversy, provides:

"Now therefore the undersigned agent is hereby designated to receive Service Fee Compensation during the period this Memorandum of Agreement is effective, subject however to the following provisions:

"1. Service Fees—For services rendered in the reporting, investigating and handling claims (under the direction of the Company), the Agent shall receive Service Fee Compensation in accordance with such provisions as promulgated from time to time by the Company. At the present time Service Fees are paid on the basis of the business standing to the credit of the Agent according to the records of the Company, and the amount of Service Fee Compensation payable to the Agent for any month is a percentage of the premium collections, exclusive of dividends and initial 'Selling Expense' or Membership Fees, recorded by the Company during the sixth preceding month on the policies standing to the Agents credit. The following is the present scale:

| Month's Premiums | Rates |
|---|---|
| $ 1.00 — $49.99 | 5% |
| 50.00 — 74.99 | 6% |
| 75.00 — 99.99 | 7% |
| 100.00 and over | 8% |

"The Service Fee Compensation payable to the Agent for any month is his compensation for servicing policyholders during that particular month. The right to Service Fee Compensation is personal to the Agent and ceases upon his death, retirement, or termination of his appointment or services.

The payment for that particular month during which death, retirement or termination of services occurs, which is the final payment, will be on a pro rata basis.

"This Memorandum of Agreement shall become effective on the date when approved at the home office of the company and shall continue during the period of the agent's agreement, provided, however, this Memorandum Agreement may be terminated at any time by the agent, the company, or by the state agent with the approval of the company. This Memorandum of Agreement shall automatically terminate upon the death, retirement, or termination of the agent's appointment or service."

Appellee's agency was terminated on May 31, 1947, and it is conceded that appellant properly exercised the right of termination given it under the contract. The only question concerns the right of appellee to service fee compensation computed upon policies written during the six months preceding the termination. Appellee contends that under the terms of the supplemental agreement the company was always six months behind in the payment of service fees and that the payment of such fees should continue for six months after May 31, 1947, without regard to the fact that he was no longer an agent of the company. Appellant insists that service fees were for extraordinary services rendered by agents in reporting, investigating, and handling claims and that the fee payable in each month was compensation for that particular month and that the manner of computing the compensation with reference to policies written in the preceding sixth month was merely a convenient method of determining the service fee compensation in the month for which it was paid.

Some proof was offered on behalf of appellee. He and two other special agents of the company, who had worked under similar contracts, testified as to the construction which they had placed upon it. This testimony was not competent under any theory of the case. Even if the contract is considered as ambiguous, the doctrine of contemporaneous construction cannot be invoked by showing the construction that one of the parties has placed upon it. The contract is to be construed by reference to its terms and provisions without regard to the meaning ascribed to it by appellee and the other agents who testified.

In construing the contract before us, no authority is cited or found which is in point or analogous to the question presented. It is, of course, elementary that the agreement is to be construed according to the intention of the parties. In determining such intention, we must give consideration and effect to every provision, and we have no right to make a contract for the parties or revise the agreement while professing to construe it.

The contract specifically provides that it shall become effective when approved at the home office of the company and shall automatically terminate upon the death, retirement, or termination of the agent's appointment or service. A significant provision is that payment for the month during which retirement occurs shall be construed as the final payment. According to appellee's theory, the contract was retroactive, in that its effective date was six months before its execution, or it remained in effect until six months after the termination of the agency. Either alternative ignores the express provisions of the agreement.

The supplementary agreement, by its express terms, was in effect for a period of 14½ months. Service fees were paid to appellee during this entire period of time. His construction of the agreement would require the payment of such fees for 20½ months. We are unable to concur in that construction. We think appellant has made all payments required under the contract and the petition should have been dismissed.

The motion for an appeal is sustained and the judgment is reversed.