John H. ROBERTSON, Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, a corporation, Defendant.

Civ. A. No. 8140.

United States District Court
N. D. Alabama, S. D.

Oct. 23, 1957.

Taylor, Higgins, Windham & Perdue, Birmingham, Ala., for plaintiff.

Jackson, Rives, Pettus & Peterson and Al G. Rives, Birmingham, Ala., for defendant.

LYNNE, Chief Judge.

Plaintiff was first appointed an agent for defendant in November, 1936, and served continuously in such capacity until August 15, 1954. In addition to compensating its local agents on the basis of a percentage of the membership fee charged on policies when first written, throughout plaintiff's tenure defendant provided further compensation for servicing policies in an amount equal to the net premiums collected by defendant on policies written by or assigned to its local agents during any one month.

Before February, 1942, the basis of service compensation paid to defendant's local agents was an amount equal to the net premiums collected on such policies during the month immediately preceding the month of payment. Because of rapid growth and expansion, defendant experienced difficulty in arriving at the amounts of service compensation due and understandable delays resulted. To guard against the dissatisfaction which this situation was bound to produce, defendant devised and put into effect in February, 1942, a plan for paying service compensation to its local agents currently. Under such plan the basis was changed to the net premium collections received and recorded by the company during the sixth preceding month.

The result of this change was that in March, 1942, plaintiff, along with other local agents, received two checks, one based on a percentage of net premiums collected during the month of February, 1942, the other based on net premiums collected during the month of September, 1941. Thereafter, plaintiff was paid service compensation during each suc-

ceeding month of his employment based upon a percentage of the net premium collections received and recorded by defendant during the sixth preceding month.

It is conceded that plaintiff's employment by and relationship with defendant was terminated on August 15, 1954. On August 31, thereafter, as service compensation, defendant paid to plaintiff the sum of $438.95, which represented one-half of $877.90, which in turn represented 10% of the net premium collections received and recorded by the company during the sixth preceding month, i. e., February, 1954, on policies credited to plaintiff during the month of August, 1954.

It is further conceded that during the period between January 1, 1954, and August 15, 1954, plaintiff served as local agent for defendant in the State of Alabama, under the terms of a written contract. Form A541, a part of such written contract which contains provisions as to the schedule of payments to which the local agent is entitled thereunder, contains two paragraphs which, both parties agree, are dispositive of the disagreement between them. Paragraph 2 thereof reads as follows:

"For services rendered in any month while this Agreement is in force, in reporting, investigating and handling claims and otherwise servicing policyholders, the Local Agent shall be paid an amount equal to Ten Percent (10%) of the net premium collections, as hereinafter defined, received and recorded by the Company during the sixth preceding month on policies credited to the Local Agent during the month for which such payment is computed irrespective of whether such policies were secured by the Local Agent. Net premium collections are defined to be gross premium collections, less Selling Expense, if any, and less dividends paid or credited to policyholders. Membership Fees are not to be considered as gross or net premiums.

"Payments shall not be allowed under this paragraph in event the Local Agent is or becomes an employee or relative by blood or marriage of a supervising district or state agent or is or becomes a partner of or has any form of joint financial interest as respects the insurance business with his supervising district or state agent."

Paragraph 4 contains the following provisions:

"Upon termination of this Agreement by death or otherwise as provided in Section 111 A, any unpaid amounts for securing new business under Section 1 hereof, shall be paid as soon as ascertainable. Payments for the agents [sic] services under Section 2 hereof for the particular month of termination by death or otherwise shall be prorated and paid as soon as ascertainable and shall constitute the final payment due under this Schedule for such services."

■ The essence of plaintiff's contention is that under the terms of the quoted paragraphs defendant's obligation to pay him service compensation remained in effect for six months after the termination of the agency and that he is therefore entitled to be paid service compensation on the basis of a percentage of net premiums collected by defendant on policies standing to his credit during the month of March, 1954, and the succeeding months, including the month of termination. This court is of the opinion that such contention is untenable for the reasons given by the Court of Appeals of Kentucky in State Farm Mut. Auto. Ins. Co. v. Hobbs, 1954, 268 S.W.2d 420.

■ However, the court is of the further opinion that plaintiff was entitled to receive the full sum of $877.90 upon the termination of his contract and that one-half of such sum was improperly withheld. The court understands defendant's insistence that since plaintiff performed services for it for only one-half of the month of August, 1954, he was entitled to receive only one-half of

10% of the net premium collections for the preceding February.

Unless paragraph 4, supra, modifies paragraph 2, supra, to the extent claimed by the defendant, it is apparent that defendant's contention in this respect is unsound.

Considering the language of paragraph 2, supra, which is clear and unambiguous, since plaintiff did render services in the month of August, he qualified for service compensation in an amount equal to 10% of the net premium collections in the preceding February.

Perhaps the draftsman of paragraph 4 intended by the last sentence thereof and more particularly by the expression "shall be prorated" to limit the obligation assumed by the defendant under paragraph 2. Construed most strongly against the defendant such language is held to be insufficient to achieve the result for which defendant contends.

It follows that plaintiff is entitled to recover of defendant only the sum of $438.95, with interest computed at the rate of 6% per annum from August 15, 1954.