STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, State Farm Life Insurance Company, and State Farm Fire & Casualty Company, Plaintiffs,

v.

Stanley M. WEST, Defendant.

Civ. A. No. 1477.

United States District Court
W. D. Arkansas,
Fort Smith Division.

March 18, 1960.

Dobbs, Pryor & Dobbs, Ft. Smith, Ark., for plaintiffs.

Gean, Gean & Gean, Ft. Smith, Ark., for defendant.

JOHN E. MILLER, District Judge.

The question before the court is presented by motion filed by plaintiffs for summary judgment on Count 2 of defendant's counterclaim and the cross motion filed by the defendant. All other issues have been disposed of, and the only remaining issue in this case is the claim of defendant against the plaintiffs on Count 2 of his counterclaim. The parties have stipulated the relevant and material facts.

The defendant and plaintiffs entered into a written agreement effective January 1, 1954, by which the defendant was appointed Local Agent for plaintiffs. A copy of the contract and defendant's acceptance of the appointment are attached to the stipulation, and designated as Form LA 540. The acceptance provision, omitting the formal parts, is as follows:

"I hereby acknowledge receipt of executed Local Agent's Appointment Form LA 540 dated January 1, 1954, and attached Schedule of Payments Forms A 541, L 541, F 541, applicable to the respective Company as indicated, constituting the entire offer of appointment and agreement by each Company as set forth therein all of which I hereby accept effective as of the date above and as evidence thereof have hereunto affixed my signature, properly witnessed, this 16th day of December 1953."

The defendant's appointment as Local Agent was terminated March 31, 1958, by the plaintiffs in accordance with the pro-

visions of the agreement. He does not claim to be entitled to any payment by reason of the termination of the agreement, or that any commissions or other payments are due him under Form L 541 and Form F 541.

It is agreed, also, that the plaintiffs have paid the defendant all sums due under paragraph 1 of Form A 541.

The claim of defendant is based upon paragraphs 2, 3, and 4 of Form A 541, which is "Schedule of Payments and Conditions referred to in Local Agent's Appointment Form LA 540, Section II A as respects insurance written by the Company." The claim of defendant involves only the plaintiff State Farm Mutual Automobile Insurance Company. The relevant and material paragraphs are as follows:

"2. For services rendered in any month while this Agreement is in force, in reporting, investigating and handling claims and otherwise servicing policyholders, the Local Agent shall be paid an amount equal to Ten Percent (10%) of the net premium collections, as hereinafter defined, received and recorded by the Company during the sixth preceding month on policies credited to the Local Agent during the month for which such payment is computed irrespective of whether such policies were secured by the Local Agent. Net premium collections are defined to be gross premium collections, less Selling Expense, if any, and less dividends paid or credited to policyholders. Membership Fees are not to be considered as gross or net premiums.

"Payments shall not be allowed under this paragraph in event the Local Agent is or becomes an employee or relative by blood or marriage of a supervising district or state agent or is or becomes a partner of or has any form of joint financial interest as respects the insurance business with his supervising district or state agent.

"3. On insurance written on any plan other than as provided in Section 1 hereof, the agent shall receive such payments as may be fixed from time to time by the Company.

"4. Upon termination of this Agreement by death or otherwise as provided in Section III A, any unpaid amounts for securing new business under Section 1 hereof, shall be paid as soon as ascertainable. Payments for the agents services under Section 2 hereof for the particular month of termination by death or otherwise shall be prorated and paid as soon as ascertainable and shall constitute the final payment due under this Schedule for such services."

Section III of Form LA 540, inter alia, provides:

"Upon termination however occurring, the Agent shall be entitled to receive only such payments as shall be then due or become due the Agent from such terminated Company or Companies as provided for in the applicable Schedules of Payments hereto attached and in Section IV."

Section IV A deals with termination by death, and is inapplicable. Section IV B provides certain termination benefits which are not involved in this litigation because, as provided in Paragraph 4 of Section IV B, the Agent in order to be entitled to these benefits is required to surrender all records and files used by the Agent in his representation of the company and all unused materials and supplies, and provided:

"the Agent has agreed in writing not to service policyholders of the Company or to compete with the Company or interfere with its business for one full year from the date of termination."

Defendant did not agree in writing as required by this provision to not compete with the Company for one full year from the date of termination. However, no

claim is asserted under this provision of the policy.

Numbered paragraphs 5, 6 and 7 of the stipulation are as follows:

"5.

"It is further stipulated and agreed that Stanley M. West had not been employed as an agent or representative of the plaintiff prior to January 1, 1954, and therefore had no policies recorded or credited to him at that time. That beginning with the month of July, 1954, the State Farm Companies paid a service fee, under Paragraph 2 of Form A 541, to West each month equal to 10% of the net premium collections (as defined in the contract) on policies recorded or credited to the said Stanley M. West during the sixth preceding month. That is to say the service fees paid in July, 1954, equaled 10% of the premium collections on policies credited to West for the month of January. That similar payments were made each month to March 31, 1958, based on policies recorded or credited to West during the sixth preceding month. It is further agreed that the amounts so paid were correct for all payments made through and for the month ending March 31, 1958. It is further stipulated and agreed that no other or further payments have been made to West by State Farm, and that West has rendered no service to State Farm since March 31, 1958.

"6.

"It is further stipulated and agreed that the premium collected on policies recorded or credited to West for the months of October, November and December, 1957, and January, February and March, 1958, amount to $30,746.39.

"7.

"It is the contention of West that he is entitled to 10% of said net premiums set out in the last above numbered paragraph, and it is the contention of the State Farm Companies that West is not entitled to any payment, but that under the terms of the contract West has received his full compensation."

In his brief the defendant states that the sole question for the court to determine is whether or not under the Local Agent's appointment, he is entitled to 10 percent of the premiums collected during the last six months of his employment.

He contends that the provision in paragraph 4 of Form A 541: "Payments for the agents services under Section 2 hereof for the particular month of termination by death or otherwise shall be prorated and paid as soon as ascertainable and shall constitute the final payment due under this Schedule for such services," means that when the contract was terminated on March 31, 1958, that he was entitled to be paid for any services that he rendered under paragraph 2 of Form A 541 for the months of October, November and December, 1957, and January, February and March, 1958.

On the other hand, the plaintiffs contend that under the provisions of Section III A of Form LA 540 the defendant was entitled to receive only such payments as shall be then due or become due the Agent as "provided for in the applicable Schedule of Payments hereto attached and in Section IV"; that in addition to compensation for securing new business, the defendant was expected to report, investigate and handle claims and service policies for which a formula for the additional compensation was agreed upon in the contract in paragraph 2, Form A 541; that this paragraph provides that for such services "while the agreement is in force * * * the Local Agent shall be paid an amount equal to 10 percent of the net premium collections, as hereinafter defined, received and recorded by the company during the sixth preceding month on policies credited to the Local Agent during the month for which such payment is computed irrespective of whether such policies were secured by the Local Agent. * * * *"

As heretofore stated, the contract was terminated as of March 31, 1958, and defendant was paid for all business secured during that month and also was paid for his services during the month of March in reporting, investigating and handling claims and servicing policyholders during the previous month of September 1957, in accordance with the provisions of paragraph 2 of Form A 541.

█ The provisions of the contract are not ambiguous, and it is the duty of the court to enforce the contract as written and agreed upon by the parties.

█ Both parties have cited the cases of State Farm Mut. Auto. Ins. Co. v. Hobbs, Ky.1954, 268 S.W.2d 420, and Robertson v. State Farm Mut. Auto. Ins. Co., D.C.N.D.Ala.1957, 156 F.Supp. 541.

In Hobbs the court at page 422 of 268 S.W.2d said:

"Appellee's agency was terminated on May 31, 1947, and it is conceded that appellant properly exercised the right of termination given it under the contract. The only question concerns the right of appellee to service fee compensation computed upon policies written during the six months preceding the termination. Appellee contends that under the terms of the supplemental agreement the company was always six months behind in the payment of service fees and that the payment of such fees should continue for six months after May 31, 1947, without regard to the fact that he was no longer an agent of the company. Appellant insists that service fees were for extraordinary services rendered by agents in reporting, investigating, and handling claims and that the fee payable in each month was compensation for that particular month and that the manner of computing the compensation with reference to policies written in the preceding sixth month was merely a convenient method of determining the service fee compensation in the month for which it was paid.

\* \* \* \* \* \*

"In construing the contract before us, no authority is cited or found which is in point or analogous to the question presented. It is, of course, elementary that the agreement is to be construed according to the intention of the parties. In determining such intention, we must give consideration and effect to every provision, and we have no right to make a contract for the parties or revise the agreement while professing to construe it.

"The contract specifically provides that it shall become effective when approved at the home office of the company and shall automatically terminate upon the death, retirement, or termination of the agent's appointment or service. A significant provision is that payment for the month during which retirement occurs shall be construed as the final payment. According to appellee's theory, the contract was retroactive, in that its effective date was six months before its execution, or it remained in effect until six months after the termination of the agency. Either alternative ignores the express provisions of the agreement."

It will be noted that Robertson, supra, was decided in 1957, and involved the exact provisions of the contract that are before the court in the instant case. In disposing of the plaintiff's contentions, the court at page 542 of 156 F.Supp. said:

"The essence of plaintiff's contention is that under the terms of the quoted paragraphs defendant's obligation to pay him service compensation remained in effect for six months after the termination of the agency and that he is therefore entitled to be paid service compensation on the basis of a percentage of net premiums collected by defendant

on policies standing to his credit during the month of March, 1954, and the succeeding months, including the month of termination. This court is of the opinion that such contention is untenable for the reasons given by the Court of Appeals of Kentucky in State Farm Mut. Auto. Ins. Co. v. Hobbs, 1954, 268 S. W.2d 420."

Under the terms of the contract and the applicable law the defendant is not entitled to recover, and the motion of defendant for summary judgment should be denied. The motion of plaintiffs for summary judgment should be granted.

An order in accordance with the above is being entered today.