JAMES F. LYDON *vs.* ALLSTATE INSURANCE COMPANY. January 28, 1977. The plaintiff appeals from a judgment awarding him $213.04, claiming that the award should have been $17,654.16, the amount of commissions allegedly earned and accrued under his contract of employment with the defendant. There was no error. It is agreed that the contract was properly terminated. The intent of the parties entering into the contract must be gathered from construing the contract as a whole and not by placing special emphasis on any one part. *Ucello v. Cosentino,* 354 Mass. 48, 51 (1968). The trial judge correctly interpreted the agreement as a personal services contract which provided for minimum compensation of $600 a month plus certain amounts to be paid to the plaintiff based on policies written but without any vested interest in, or accrued commission on, any policy delivered to a policyholder through his efforts. See *Miller* v. *Allstate Ins. Co.* 186 So. 2d 344, 347 (La. App. 1966). "The parties are bound by the plain terms of their contract. . . . Where as here its terms are openly and fairly arrived at enforcement will not be denied because of hardship to one of the parties." *Hiller* v. *Submarine Signal Co.* 325 Mass. 546, 550 (1950). The plaintiff's right to compensation ended with the termination of the contract. See *Miller* v. *Allstate Ins. Co.* 186 So. 2d at 348; *State Farm Mut. Auto. Ins. Co.* v. *West,* 181 F. Supp. 779, 782 (W.D. Ark. 1960).

*Judgment affirmed.*

The case was submitted on briefs.
*George H. McDermott* for the plaintiff.
*Lawrence J. Fitzgerald* for the defendant.