534 F.Supp. 51 (1981)
MONSANTO COMPANY, et al., Plaintiffs,
v.
Henry Raymond FORD, et al., Defendants.
Civ. A. No. 81-387C(5).
United States District Court, E. D. Missouri, E. D.
August 10, 1981.
*52 Arthur L. Smith, Peper, Martin, Jensen, Maichel & Heilage, St. Louis, Mo., for plaintiffs.
James W. Drese, Chesterfield, Mo., James S. Collins, II, St. Louis, Mo., for defendants.

FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER
CAHILL, District Judge.
This is an action for declaratory judgment brought pursuant to 28 U.S.C. § 2201 and 29 U.S.C. § 1132(a)(3) and raising issues concerning the relationship of the Employee Retirement Income Security Act of 1934, P.L. 93-406, September 2, 1974, as amended, ("ERISA") to state law relating to the dissolution of marriage and the distribution of marital assets. The matter is before the court on plaintiffs' motion for summary judgment. There is no dispute as to material facts, but only as to law. Therefore summary judgment is proper.
Plaintiffs are Monsanto Company, a Delaware corporation, having its principal place of business in St. Louis County, Missouri, and three employee benefit plans maintained by Monsanto for its employees: The Monsanto Company Salaried Pension Plan ("Pension Plan"), Monsanto Savings and Investment ("SIP"), and the Monsanto Company Tax Reduction Act Employee Stock Ownership Plan ("TRAESOP"). The Pension Plan, SIP and TRAESOP are employee benefit plans as defined in Section 3 of ERISA, 29 U.S.C. § 1002, and therefore are subject to the provisions of ERISA. They are empowered to bring suit in their own name by § 502(d)(1) of ERISA, 29 U.S.C. § 1132(d)(1). They also are qualified plans pursuant to 26 U.S.C. §§ 401, 501 and therefore both Monsanto, as employer, and participants in the plans are entitled to favorable tax treatment with respect to contributions to and benefits provided by those plans. Monsanto is administrator of the Pension Plan, SIP and TRAESOP, as defined in § 3(16) of ERISA, 29 U.S.C. § 1002; Monsanto is also a fiduciary with respect to those plans, as defined in § 3(21) of ERISA, 29 U.S.C. § 1002(21).
Defendants are Henry Raymond Ford, an employee of Monsanto Company and a participant in the three employee benefit plans, and Henry's wife, Shirley Ballou Ford, both of whom are citizens of the State of Missouri, residing in St. Louis County, Missouri.
On or about August 2, 1980, Henry Ford filed an action in state court seeking dissolution of his marriage with Shirley Ford. Shirley Ford contested the dissolution and, in addition, joined Monsanto as a third-party defendant in the dissolution proceedings asking that her husband's interest in the employee benefits plans of Monsanto be divided up in the dissolution proceedings as marital property in the event dissolution was granted.
This controversy is within the exclusive jurisdiction of this Court. 29 U.S.C. § 1132(e)(1). The declaratory judgment sought by plaintiffs is relief which this Court is empowered to give by ERISA. Wong v. Bacon, 445 F.Supp. 1177 (N.D.Cal. 1977).
The fundamental question presented by this action is whether a non-employee spouse of a Missouri resident has, upon dissolution of marriage, marital rights to the ERISA benefits of her employee-spouse when such benefits are not in pay status. That matter is a question of federal law not state law. Section 514 of ERISA, 29 U.S.C. § 1144 provides:
This chapter shall supersede any and all state laws insofar as they may now or hereafter relate to any employee benefit plan described in § 1003(a) of this title and not exempt under § 1003(b) of this title.
*53 The broad scope of the language is § 1144 indicates a congressional intent to preempt the entire field of law involving employee benefit plans subject to ERISA. Azzaro v. Harnett, 414 F.Supp. 473 (S.D.N. Y.1976). Section 514(c)(1) of ERISA, 29 U.S.C. § 1144(c)(1) defines state law to include all laws, decisions, rules, regulations or other state action having the effect of law of any state. Thus, not only statutory law is preempted, but also case law which is contrary to any provision of ERISA.
ERISA provides in § 206(d)(1), 29 U.S.C. § 1056(d)(1) that:
Each pension plan shall provide the benefits provided under the plan may not be assigned or alienated.
Each of the Monsanto Employee Benefit Plans which are plaintiffs in this action contains such prohibitions on an alienation. Thus, by the terms of the plans, the benefits accruing to Henry Ford thereunder, may not be assigned or alienated to Shirley Ford.
Notwithstanding the express provisions of ERISA relating to anti-alienation of benefits, some courts have found an implied exception for matters related to the support of the employee's family. See e.g. Stone v. Stone, 450 F.Supp. 919 (M.D.Cal.1978), aff'd 632 F.2d 740 (9th Cir. 1980); Carpenters Pension Trust for Southern California v. Kronschnabel, 460 F.Supp. 978 (C.D.Cal. 1978), aff'd 632 F.2d 745 (9th Cir. 1980). On the other hand, at least one court has found nothing in the language of ERISA or in its legislative history to support such an implied exception. See e.g. General Motors Corp. v. Townsend, 468 F.Supp. 466 (E.D. Mich.1978).
In enacting ERISA, Congress mandated that benefits in qualified plans be held for the exclusive benefit of the employee and that those benefits were not subject to alienation. Although some courts have found an implied exception to the prohibition against alienation in cases involving dissolution of marriage or family support, the court has been advised of no decision which has permitted alienation when the benefits were not in "pay status," that is currently due and payable to the employee.
While Henry Ford has an interest in each of the Monsanto plans, his interest in each is not in "pay status". Henry is not entitled to receive any of the benefits under the Pension Plan until he reaches normal retirement age, age 65. If he should die before reaching age 65, he would be entitled to nothing. Although Henry has certain rights to make withdrawals of funds and shares of stock held for his account in SIP, that withdrawal right is subject to heavy penalties of forfeiture and therefore is not unconditional. Finally, the 16.874 shares of Monsanto common stock held in TRAESOP are available to him only upon termination of employment or death.
The Internal Revenue Service, in Revenue Ruling 80-27, IRB 1980-4, 8 has warned that an alienation of benefits not in pay status for marital support obligations may cause a qualified employee benefit plan to lose its qualified status. See also IRS Letter Rulings 8010051 and 79390026. Loss of qualified status to the employee benefits plans could subject both Monsanto and the participating employees to substantial immediate tax liability on the benefits accrued for those employees. The IRS has also ruled that compliance by plan administrators with a court order requiring sequestration of benefits not in pay status for future support payments to a participant's former spouse when the benefits reach pay status will not result in loss of qualification. IRS Letter Ruling 8120045.
Rights and obligations upon employees and employers arising out of employee benefit plans are contractual in nature. Landro v. Glendenning Motorways Inc., 625 F.2d 1344 (8th Cir. 1980); Hardy v. H. K. Porter Co., Inc., 417 F.Supp. 1175 (E.D.Pa.1976). A court may not rewrite the contractual obligations of the parties by compelling the employer to make a premature distribution to an employee or his spouse of funds held for the benefits of the employees. Such action would be discriminatory as against other plan participants. Furthermore, to the extent benefits were *54 paid in such a case to one group of participants, i.e. a divorced participant and his spouse, and not to other participants who continued to work and who were not divorced, an abuse of pension fund assets would occur which is potentially detrimental to all participants.
Accordingly, this Court finds and holds that the benefits of the three benefit plans which plaintiffs hold on behalf of Henry Ford may not currently be distributed to Shirley Ford as marital assets because such a distribution, prior to the benefits attaining pay status, would violate anti-alienation provisions contained in the plans and required by federal law and would impose on plaintiffs different obligations than they contracted for. Consequently, Shirley Ford is not entitled to receive any distribution of benefits because those benefits are not in pay status pursuant to the terms of the plan. There remains however, the question whether Shirley Ford can receive some portion of those benefits in the future, when they do reach "pay status".
Plaintiffs have argued to the court that the employee benefits are not marital property under Missouri law and therefore Shirley Ford has no current interest which can be identified as marital property to be divided in the state court proceedings, either now or in the future when the benefits reach pay status. Missouri courts have ruled that pension benefits which are contingent upon the occurrence of any future event (such as divestiture upon death of an employee prior to retirement) are too speculative to be valued as marital assets and therefore are not marital property. Murphy v. Murphy, 613 S.W.2d 450 (E.D.Mo. App.1981); Delay v. Delay, 612 S.W.2d 391 (E.D.Mo.App.1981); In re Marriage of Faulkner, 582 S.W.2d 292 (E.D.Mo.App. 1979); Daffin v. Daffin, 567 S.W.2d 672 (Mo.App.1978); Robbins v. Robbins, 463 S.W.2d 876 (Mo.1971). But See Reynolds v. Reynolds, 610 S.W.2d 311 (E.D.Mo.App. 1980).
Whether Henry Ford's interest in the employee benefit plan is marital property which can be reached by Shirley now or in the future is a matter of Missouri law and not federal law. On that question, the state court and not this Court is the forum to resolve the issue. The dissolution proceeding involving defendants Henry and Shirley Ford (in which Monsanto has been joined as a third party defendant), is set for trial on August 31, 1981. At that time husband and wife can present their respective arguments to the trial court. Consequently it is not necessary for this Court to decide now whether Henry's employee benefits are marital property under Missouri law.
If the state court determines that the employee benefits are marital assets it can not order the immediate payment of such benefits because as discussed above, such immediate payment would violate the terms of the plan and the obligations of ERISA. However, should the state court determine that the benefits are marital assets it may order that some portion of the benefits which may ultimately become payable to Henry Ford be sequestered on the books and records of the pension plans (but not necessarily held in a separate fund from other pension assets) and, upon reaching pay status, be held for the payment of any spousal support obligations the court may impose on Henry Ford. The Internal Revenue Service apparently does not look with disfavor upon such arrangements. Letter Rule 8120045, February 18, 1981.
The issue of Shirley Ford's right to receive, in the future, some portion of benefits ultimately payable to Henry Ford is an issue between the Fords, defendants herein, and not Monsanto and the employee benefit plans which are plaintiffs herein. This Court, pursuant to its exclusive jurisdiction to determine the rights of Monsanto and its benefit plans, has by this decision adjudicated the rights of the parties with respect to those plans. To permit Henry and Shirley Ford to go forward with litigation involving Monsanto in the state court would subject Monsanto to unnecessary expense and possible interference with the order of this Court. Plaintiffs have asked that this Court enter its order permanently restraining *55 and enjoining the defendants from pursuing their claim against Monsanto in state court. The court finds such an injunction is proper to protect the jurisdiction of this Court.
Accordingly, it is hereby ORDERED, ADJUDGED and DECREED that:
1. Plaintiffs' motion for summary judgment is granted; and;
2. Funds held in the Pension Plan, SIP and TRAESOP for the account of defendant Henry Raymond Ford are not currently subject to alienation or disposition to Shirley Ballou Ford because such an alienation would be contrary to the terms of the plan and in violation of Section 206(d)(1) of ERISA, 29 U.S.C. § 1056(d)(1) and because such benefits are not currently in pay status; and
3. Because there is an implied exception to the anti-alienation provisions of ERISA with respect to benefits in pay status, it would not be a violation of ERISA for the state court to order a sequestration on the books and records of the pension plans of all or some portion of the benefits that may in the future become payable to Henry Ford pursuant to the terms of the plan and to set those benefits aside in whole or in part for payment of support obligations or as a share of marital property owing to Mrs. Ford, provided however, that the state court may not in its order impose monetary obligations on plaintiffs not provided for in the plans; and
4. Defendants are hereby permanently restrained and enjoined from pursuing any claim against Monsanto Company in Cause No. 441646 pending in St. Louis County, Missouri, Circuit Court; and
5. Plaintiffs have withdrawn their request for attorneys fees and accordingly their request is deemed moot.
6. Costs are taxed against defendants.