Black, J.
This is an action in contract brought on April 17, 1981 by the plaintiff, Alfonso Basile, against the defendant, Frank Frederick Construction C.o., Inc., and Frank Federico, Cesidio J. Pinciaro and Joseph Federico, as Trustees of the Frank Frederick Construction Co., Inc., Profit Sharing Trust, for breach of an employment contract wherein the plaintiff seeks to recover monies alleged to be due from a Profit-Sharing Trust in which he was a participant. The plaintiff claims to be entitled to $10,660.72 and admits to receipt of only $3,500.00, which is 40% of the amount claimed, and is the full amount that the trustees say he is entitled to and all that they intend to pay him.
The defendant, Frank Frederick Construction Co., Inc., admits that the plaintiff was to participate in a Profit-Sharing Plan and acknowledged paying the plaintiff $3,500.00, but denied all other allegations. The defendant trustees admit to the Profit-Sharing Plan and to being trustees of the Profit-Sharing Trust, but deny all other allegations.
At trial, there was evidence received from both the plaintiff and the defendant that the plaintiff had been employed by the defendant, Frank Frederick Construction Co., Inc., and that the plaintiff s employment had been terminated on December 23, 1980, by the said defendant. The terms and conditions of Frank Frederick Construction Co., Inc., Profit Sharing Trust were also introduced into evidence. Article X, entitled ‘ ‘ Payment of Benefits”, contains a subparagraph 4 dealing with the entitlement to benefits upon termination of employment for reasons other than death or disability. It provides pertinently:
' If an employee first becomes eligible for participation in the fiscal year of March 31, 1977 or subsequent and terminates his employment prior to his Normal Retirement date for reasons other than death or total and permanent disability, his interest in trust assets shall be determined to have vested as follows:
*201 Years of Service Percentage of Account
Less than 3 years 0%
3 years but less than 4 years 30%
4 years but less than 5 years 40%
5 years but less than 6 years 50%
6 years but less than 7 years 60%
7 years but less than 8 years 70%
8 years but less than 9 years 80%
9 years but less than 10 years 90%
10 years or more 100%
Upon such termination, he shall be entitled to receive his benefits in the following manner: Any life insurance policy or retirement annuity contract held for his benefit shall be assigned to him outright.
At the conclusion of the trial the court allowed the motion of the defendant, Frank Frederick Construction., Inc., for a directed finding. Before final argument the plaintiff made the following requests for rulings and the court’s action thereon is set forth following each request for ruling:
1. That plaintiffs contract of employment with the defendant included participation in the Profit Sharing Plan.
A. Allowed.
2. That plaintiff was never advised of any restrictions on his receiving the funds credited to him in the Profit Sharing Plan.
A. Denied. I find that the defendant was advised as to the nature of the profit sharing plan including the feature that the plaintiff would receive each year a percentage of the amount allocated to him until such time as his share of the plan became fully vested.
3. That under Section 4 of Article X of the defendant’s Profit Sharing Plan the plaintiff s vested interest is limited by the number of years of his employment only if the plaintiff terminated his employment prior to his normal retirement date.
A. Denied. I construe and rule that Article X, Section 4 of the Pension Plan relates not only to voluntary termination by an employee but by voluntary termination made unilaterally by the employer in this case. I thus construe said Section 4 to relate to ah of the usual types of termination of an employee that are not included in the prior provisions of Article X, to wit: termination by reason of retirement (Article X, section 1); by total and permanent disability (Article X, section 2); or by death (Article X, section 3).
4. That the plaintiff in this action did not terminate his contract of employment.
A. Allowed.
5. That the plaintiffs contract of employment was terminated by the defendant.
A. Allowed. The plaintiffs contract of employment was terminated by his employer, the defendant Frank Frederick Construction Company, Inc.
6. That if there is any ambiguity in the contract, it should be interpreted in the favor of the party who was not involved in the construction of said contract.
*202 A. Allowed as a general proposition law.
7. That on all the evidence, a finding should be made in favor of the plaintiff.
A. Allowed. However, I find from the evidence that at the time of the plaintiffs termination by the defendant employer as of December 31, 1980, the then current value of the profit sharing trust applicable to the plaintiff would have been $10,660.72 if the plaintiffs rights had become fully vested. I further find that as of the date of termination the plaintiff was entitled, because of his length of service, to only 40% ofthe sum of $10,660.72 or the sum of $4,264.29, of which the plaintiff previously has received the sum of $3,500.00. He is therefore entitled to receive the sum of $764.29 under this decision.
8. That on all the law, a finding should be made in favor of the plaintiff.
A. Allowed. See answer to request No. 7.
The court found for the plaintiff in the sum of $764.29, as against the defendant trustees ($4,264.29 less the $3,500.00 found already to have been paid). The plaintiff claims to be aggrieved by the denial of its request for ruling number 3 and the court’s interpretation of Section 4, Article X of the Profit-Sharing Trust agreement.
Therefore, the sole question presented by this appeal is whether the trial judge erred in his interpretation of the above-quoted provision as applying to terminations of employment by the employer as well as voluntary terminations by the employee. We find no error.
Essentially, the plaintiff-appellant argues that the words “terminates his employment” apply only where the employee voluntarily terminates his employment, not to situations where the employee’s employment is terminated by the employer. Consequently, the appellant argues that his pension rights are fully vested rather than 40% vested as provided under Article X, subsection 4. We believe that the appellant’s argument totally fails to take into account the nature of the plan involved in this case.
By its terms, it is clear that subject trust is designed to be a qualified plan under the provisions of the Employee Retirement Income Security Act of 1974, as amended, (ERISA) and is governed by the provisions of that law (see Article XI, subsection 2). In this connection, we note that state courts have concurrent jurisdiction with the federal courts over controversies involving distribution of plan benefits. 29 U. S. C. § 1132, (a)( 1 )(B) and (e)(1). Therefore, although the issue of jurisdiction does not appear to have been heretofore raised, except in the ■appellee’s brief, the matter is properly before this court. It should be pointed out, however, that ERISA specifically provides that:
Persons empowered to bring civil action
(a) a civil action may be brought-
(1) by a participant or beneficiary-
[[Image here]]
(B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan:
[[Image here]]
(e) (1) Except for actions under subsection (a)( 1 )(B) of this section, the district courts ofthe United States shall have exclusive jurisdic *203 tion of civil actions under this subchapter brought by the Secretary or by a participant, beneficiary, or fiduciary. State courts of competent jurisdiction and district courts of the United States shall have concurrent jurisdiction of actions under subsection (a)(1)(B) of this section.
29 U.S.C. §1132 (a)(1)(B) and (e)(1).
Thus, not only statutory law is impliedly preempted, but also case law which is contrary to any provision of ERISA. Cowan v. Keystone Employee Profit Sharing Fund, 586 F.2d 888 (1st Cir., 1978); Monsanto Company v. Ford, 534 F. Supp. 51 (E.D. Mo., 1981). Consequently, any interpretation or construction of the provisions of the subject Profit Sharing Trust must take into account ERISA and applicable federal case law. While it is generally a correct statement of law that pension trusts are to be construed liberally in favor of employees against the employer in the event of an ambiguity, [Shaw v. Kruidenier, 470 F. Supp. 1375 (S.D. Iowa, 1979); Keller v. Graphic Systems of Akron, Inc., 422 F. Supp. 1005, 1011 (N.D. Ohio 1976)], the court may not rewrite the contractual obligation of the parties to make a premature distribution to one employee, thereby discriminating against other plan participants [Monsanto Company v. Ford, supra),. Generally, pension plans are intended to encourage faithfulness and efficiency on the part of employees, and to increase continuity of service and decrease employee turnover (60 AM. JUR. 2d at 949-950). The death and disability provisions plus the graded vesting provisions all are clearly designed to accomplish these ends. The appellant’s construction of the plan would certainly frustrate this intent in that it would, in effect, provide a windfall to those who are discharged for whatever reason, while penalizing those who choose to leave voluntarily. This would be particularly true where the discharge is for employee midconduct (in this case there is no evidence in the record as to the reason for the plaintiffs termination). Under the plaintiff-appellant’s construction, the employer would be required to pay the penalty every time it discharges an employee, even for employee misconduct. Such a construction is inconsistent with the intent and purpose of the plan and the behavior it is designed to further, and is totally inconsistent with the language of the plan instrument taken as a whole.
In this connection, Article XIV of the Profit-Sharing Trust expressly states that the instrument is to be construed as a whole in such manner as will carry out the purpose of the plan and its provisions are not to be construed without relation to the entire plan. Article VII, subsection 6, states that nothing contained in the instrument should be deemed as giving any employee any interest in any specified part of the trust or any interest other than his right to receive benefits. If the plaintiff-appellant’s contention is correct, namely that he does not come under Article X, subsection 4, he is entitled to nothing. Obviously, such a construction should not be permitted because the employer could then benefit by wrongful discharge of an employee without cause.
In conclusion, the trial judge’s interpretation of Article X, subsection 4, of the Profit-Sharing Trust as including not only those employees who voluntarily terminate their employment, but also those terminated by the employer (with or without cause) was correct. We would emphasize that although this opinion relies heavily upon ERISA and various federal cases relating thereto, we do not find it necessary to rule on the matter of the extent to which Massachusetts case law is preempted by virtue of 29 U.S.C. 1132 (a)(1)(B) because it is our view that the trial judge’s findings are consistent with not only ERISA and the federal case law, as we understand it, but also the applicable principles enunciated in the Massachusetts case law. Cf. James F. Lydon v. Allstate Insurance Company, 5 *204 Mass. App. Ct. 771 (1977); Ucello v. Cosentino, 354 Mass. 48, 51 (1968).
The report is, therefore, ordered dismissed.